UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYNE TOLES, )<br>    *Plaintiff*, )<br>)<br>*vs.* )<br>)<br>CAROLYN W. COLVIN, *Acting Commissioner* )<br>*of Social Security Administration*, )<br>    *Defendant.* ) | 1:12-cv-1528-JMS-DML |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Wayne Toles applied for Supplemental Security Income and Disability Insurance Benefits from the Social Security Administration ("SSA") on September 1, 2009. After a series of administrative proceedings and appeals, including a hearing in June 2011 before Administrative Law Judge ("ALJ") Allyn Brooks, the ALJ issued a finding that Mr. Toles was not disabled. In September 2012, the Appeals Council denied Mr. Toles' request for review, rendering the ALJ's decision the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. 20 C.F.R. § 404.981. Mr. Toles filed this action *pro se* under 42 U.S.C. § 405(g), requesting that this Court review the Commissioner's denial.

**I.**
**RELEVANT FACTUAL BACKGROUND**

Mr. Toles was forty-six years old at the time of his application for disability benefits in September 2009. [Dkt. 12-5 at 2, R. 99.] He alleges a disability onset date of June 1, 2007, due to vision loss in his right eye stemming from childhood and cataracts in his left eye. [Dkt. 12-2 at 23, R. 22.; Dkt. 12-5 at 2, R. 99; Dkt. 12-6 at 6, R. 163.] Mr. Toles completed the eleventh grade, [Dkt. 12-6 at 9, R. 166], and then served in the military for eighteen months until he was

discharged because of physical disability, [Dkt. 12-2 at 37-38, R. 36-37; Dkt. 15 at 7]. Mr. Toles was employed as a chef and a line cook for twenty-seven years after his military service, but he alleges that he is no longer able to work in that capacity because of his limited vision. [Dkt. 12-6 at 7-8, 13, R. 170, 163-64.] He is now totally blind in his right eye and has vision loss in his left eye. [Dkt. 12-2 at 24, R. 23.]

## II.
### STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted). The ALJ is not required to mention every piece of evidence but must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled, so that a reviewing court "may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review." *Craft*, 539 F.3d at 673.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court *must* affirm the denial of benefits. Otherwise the Court will remand the matter back to the SSA for further consideration; only in rare cases can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

To evaluate a disability claim, an ALJ must use the following five-step inquiry:

(1) [is] the claimant…currently employed, (2) [does] the claimant ha[ve] a severe impairment, (3) [is] the claimant's impairment…one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment,…can [he] perform h[is] past relevant work, and (5) is the claimant…capable of performing any work in the national economy[?]

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC, which represents the claimant's physical and mental abilities considering all of the claimant's impairments. The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e).

### III.
#### PROCEDURAL HISTORY

Mr. Toles represented himself *pro se* at the hearing before the ALJ on June 15, 2011. [Dkt. 12-2 at 23, R. 22.] Aside from Mr. Toles, no other witnesses testified and the ALJ did not call a vocational expert. [*Id.*] Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on July 19, 2011 finding that Mr. Toles was not disabled. [Dkt. 12-2 at 9-14, R. 8-13.] Specifically, the ALJ found as follows:

- At Step One of the analysis, the ALJ found that Mr. Toles had not engaged in substantial gainful activity since the alleged onset date of disability. [Dkt. 12-2 at 11, R. 10.]

- At Step Two, the ALJ found that Mr. Toles has blindness in his right eye, headaches, loss of concentration, and back pain, and that these impairments significantly limit his ability to perform basic work activities, meeting the definition of "severe." [*Id.*]

- At Step Three, the ALJ found that Mr. Toles did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments. [Dkt. 12-2 at 12, R. 11.]

- The ALJ concluded that Mr. Toles has the residual functional capacity ("RFC") to perform a full range of light work. [*Id.*]

- Using this RFC, the ALJ concluded at Step Four that Mr. Toles is capable of performing his past relevant work as a cook. [Dkt. 12-2 at 13, R. 12.]

- Giving Mr. Toles the "benefit of the doubt that he would not be capable of his past relevant work," the ALJ went on to Step Five and concluded that there are other jobs existing in the national economy that Mr. Toles is able to perform. [*Id.*]

- Based on these findings, the ALJ concluded that Mr. Toles is not disabled and, thus, not entitled to receive disability benefits. [Dkt. 12-2 at 12, R. 13.]

Mr. Toles requested review by the Appeals Council, but it denied his request on September 12, 2012. [Dkt. 12-2 at 4-5, R. 3-4.] The Appeals Council noted that it had received additional evidence from Mr. Toles, including his military medical records and military discharge papers. [Dkt. 12-2 at 5, R. 4.] The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. Mr. Toles filed his action requesting review on October 19, 2012. [Dkt. 1.]

## IV.
### DISCUSSION

In support of his request for remand, Mr. Toles presents two issues. First, Mr. Toles disagrees with the ALJ's adverse credibility determination and his conclusion that Mr. Toles can perform his past relevant work. [Dkt. 15 at 4-5.] Second, Mr. Toles argues that the ALJ erred because he did not have access to Mr. Toles' military medical records at the time of his decision. [*Id.* at 5.] The Commissioner defends the ALJ's decision. [Dkt. 27.]

### A. Adverse Credibility Finding

The ALJ concluded that Mr. Toles was not disabled because he has the RFC to perform his past relevant work as a cook. [Dkt. 12-2 at 12, R. 11.] Mr. Toles disputes this conclusion, arguing that it is "impossible" for him to perform as a cook because he can no longer read the

tickets generated to prepare food orders or read recipes, both of which are necessary tasks. [Dkt. 15 at 3.] Mr. Toles specifically challenges the ALJ's adverse credibility finding and his conclusion that Mr. Toles is not disabled because he is able to perform various activities of daily living, including cooking at home. [*Id.* at 4.]

The Commissioner argues that substantial evidence supports the ALJ's conclusion regarding the RFC and Mr. Toles' ability to perform his past relevant work as a cook or, alternatively, other jobs that exist in significant numbers in the national economy. [Dkt. 27 at 8-11.] The Commissioner relies on the ALJ's adverse credibility finding to support its argument. [*Id.*]

The ALJ's credibility determination is typically entitled to special deference. *Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); *Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006) ("Credibility determinations can rarely be disturbed by a reviewing court, lacking as it does the opportunity to observe the claimant testifying."). Although the absence of objective evidence cannot, standing alone, discredit the presence of substantive complaints, *Parker v. Astrue*, 597 F.3d 920, 922-23 (7th Cir. 2010), when faced with evidence both supporting and detracting from claimant's allegations, the Seventh Circuit has recognized that "the resolution of competing arguments based on the record is for the ALJ, not the court," *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002). "[D]etermining the credibility of the individual's statements, the adjudicator must consider the entire case record," and a credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

In this case, the ALJ relied on the following conclusions to support his adverse credibility finding: 1) Mr. Toles served in the military "which despite the blindness in one eye, strongly

suggests that this condition is not as debilitating as he has argued";[1] 2) Mr. Toles cleans his house, cooks for family, and performs work on the outside of his house, which "leaves the very strong impression that he retains the physical ability to carry out a wide range of activities without any type of restrictions and independently"; 3) the record "reveals relatively infrequent trips to the doctor"; and 4) the ALJ concluded that Mr. Toles' appearance and demeanor while testifying at the hearing was "generally unpersuasive." [Dkt. 12-2 at 13, R. 12.]

The Court finds multiple things about the ALJ's adverse credibility finding to be troubling. Most importantly, the ALJ relied "very strong[ly]" on Mr. Toles' ability to complete various activities of daily living, including his ability to cook for himself. [*Id.*] An ALJ can consider a claimant's daily activities when assessing his alleged symptoms, but the Seventh Circuit Court of Appeals has "cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home." *Craft v. Astrue*, 539 F.3d 668, 680 (7th Cir. 2008) (referencing 20 C.F.R. § 404.1529). Recently, the Seventh Circuit strongly criticized the common practice of ALJs equating activities of daily living to employment, noting that "[t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as [he] would be by an employer." *Hughes v. Astrue*, 705 F.3d 276, 278-279 (7th Cir. 2013).

---

[1] The supplemental medical records Mr. Toles filed from the military clearly state that he was discharged because of disability related to his sight. [Dkt. 12-8 at 1-35, R. 311-344; Dkt. 12-9 at 1-5, R. 345-348)]. Those records, however, were not before the ALJ, and Mr. Toles did not inform the ALJ of the reasons surrounding this discharge at the hearing. [Dkt. 12-2 at 19-40, R. 18-39]. Those records will, however, be available to the ALJ on remand as discussed in the next section.

Mr. Toles persuasively emphasizes some key differences between cooking at home versus at a job. Specifically, at home he does not have to read recipes, he has the option to adjust the lighting to an optimal level, and he can wait until the sun sets so that he is not working in extreme lighting. [Dkt. 15 at 4.] Mr. Toles points out that performing as a cook in the workplace would require him to read recipes, which is "short of impossible" for him to do anymore, and that he could not take breaks or control the lighting. [*Id.*] These distinctions are material, and the ALJ admitted that he placed "very strong" weight on Mr. Toles' ability to do activities of daily living, including cooking for himself at home. [Dkt. 12-2 at 13, R. 12.] Given the Seventh Circuit precedent criticizing placing undue weight on those activities, the Court concludes the ALJ committed reversible error by unduly relying on those activities to make an adverse credibility determination.

Additionally, the ALJ used the "meaningless boilerplate" criticized by the Seventh Circuit in making his adverse credibility finding about Mr. Toles. [Dkt. 12-2 at 12, R. 11 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity.")]; *see Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (calling that language "meaningless boilerplate"). That language "fails to inform [the Court] in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012). The ALJ's use of the meaningless boilerplate language in this case further strengthens the Court's conclusion that the adverse credibility finding is unsupported.

In sum, because the ALJ erred in making his adverse credibility finding to determine Mr. Toles' RFC, his conclusions that Mr. Toles can perform his past relevant work or, alternatively, that other jobs existing in significant numbers in the national economy,[2] are unsupported. Accordingly, the ALJ's decision must be reversed and remanded.

### B. Additional Issues

Mr. Toles also argues that the ALJ erred because he did not have access to Mr. Toles' medical military records, which Mr. Toles obtained and submitted to the Appeals Council after the hearing. [Dkt. 15 at 1, 5 (referring to dkt. 12-8 at 1-35, R. 311-344; Dkt. 12-9 at 1-5, R. 345-348).] The Commissioner "emphasize[s] that this additional evidence is not part of the record for purpose of substantial evidence review of the ALJ's decision." [Dkt. 27 at 6.] Therefore, the Commissioner argues it is only proper to consider Mr. Toles' military medical records under a sentence six remand of 42 U.S.C. § 405(g), which Mr. Toles did not request.[3] [*Id.*] Because the Court has already determined that the ALJ's decision denying Mr. Toles disability benefits must be reversed, the issue regarding Mr. Toles' military medical records is moot because those records will be available for the ALJ to consider on remand.

---

[2] The Court notes that the ALJ did not specifically identify these jobs. [Dkt. 12-2 at 13-14, R 12-13.] The Court cannot recall another case it has reviewed where the ALJ concluded that other jobs existed in significant numbers in the national economy but did not specifically identify at least one of these jobs.

[3] In cases reviewing final agency decisions on social security benefits, the methods by which district courts may remand are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Cases that are remanded after passing on the merits of the underlying decision are remanded pursuant to sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 98, (1991) (a court may remand a case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, which is a sentence-four remand). Cases that are remanded for procedural irregularities, such as a missing record, are remanded pursuant to sentence six. *See McCollough v. Apfel*, 95 F. Supp. 2d 956, 957 (S.D. Ind. 2000) ("When the Social Security Administration has lost a record for a case on judicial review, the usual remedy is a remand on the Commissioner's own motion 'for further action by the Commissioner. . . .'") (citing 42 U.S.C. § 405(g) (sentence six)).

- 9 -

As previously noted, Mr. Toles appeared *pro se* at the hearing before the ALJ. A claimant has a statutory right to counsel at a disability hearing. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing 42 U.S.C. § 406; 20 C.F.R. 404.1700). A claimant may waive that right if properly informed that such a right exists. *Id.* The Commissioner admits that the ALJ did not comply with the requirements to obtain a valid waiver of counsel. [Dkt. 27 at 8 (citing *Binion*, 13 F.3d at 245).] The Commissioner argues, however, that this failure was harmless error. [*Id.*] While that conclusion seems dubious, ultimately, the issue is moot because the ALJ's decision is being reversed on other grounds. Should Mr. Toles proceed *pro se* on remand, the assigned ALJ should be sure to inform him of his statutory right to counsel and obtain a valid waiver consistent with Seventh Circuit precedent.

## V.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Mr. Toles benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). Final judgment will issue accordingly.

06/19/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

WAYNE TOLES
2112 N. Spencer Ave.
Indianapolis, IN 46218

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov